UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
STEVEN L. BLAIR,

                     Plaintiff,                                      **MEMORANDUM & ORDER**
                                                           24-CV-126 (OEM)(ST)

         -against-

JOHN ILIOU, STEPHEN M. ORSETTI, CHAD
POWERS, DONNA ENGLAND, LAURA
GOLIGHTLY, DEBRA WELSH, DEL ATWELL,
ARTHUR BURDETTE, ANTHONY PARISI III,
MICHAEL J. FRANCHI, CHERYL M. HELFER,
GLENN E. GUCCIARDO, KEVIN VALEIKO,
BELLEA BLAIR (PARTON), ERROL D.
TOULON, Jr., CLIFF PETROSKE, SUFFOLK
COUNTY SHERIFF'S DEPARTMENT, JERICA
GONZALEZ, MICHAEL PERNESIGLIO, and
SHANA CURTI,

                    Defendants.
------------------------------------------------------------------X
**ORELIA E. MERCHANT, United States District Judge:**

      *Pro se* plaintiff Steven L. Blair ("Plaintiff" or "Blair") commenced this action by filing a

fee-paid Complaint on January 8, 2024, ECF 1, and subsequently filed an Amended Complaint

("Am. Compl.") on January 9, 2024, ECF 2.   For the reasons that follow, the Amended Complaint

is dismissed with prejudice as to the claims against defendants John Iliou and Cheryl M. Helfer

and without prejudice as to the claims against defendants Stephen B. Orsetti, Chad Powers, Donna

England, Laura Golightly, Debra Welsh, Del Atwell, Arthur Burdette, Anthony Parish III, Cliff

Petroske, Michael Pernesiglio, Shana Curti, Glenn E. Gucciardo, Kevin Valeiko, Bellea Blair

Parton, Michael J. Franci, Errol D. Toulon, Jr., Suffolk County Sheriff's Department, and Jerica

Gonzalez.   Plaintiff is granted leave to replead his claims related to the alleged "Child Protective

Services" investigation and his claims against Suffolk Sheriff's Department Defendants related to

medical care he received within 30 days of entry of this order dismissing the Amended Complaint.

## BACKGROUND

The Amended Complaint alleges that multiple defendants violated judicial ethics, made adverse evidentiary rulings, and deprived Plaintiff of his constitutional rights in the course of a pending family court proceeding in which custody of Plaintiff's minor children was awarded to their mother.  *See* Am. Compl ¶¶ 42-43 (citing "*In re Blair v. Blair*, IDV No. 2019-050 / Index No. 2019-050" as the case number).   With the exception of one defendant, Suffolk County Judge and Acting Supreme Court Justice John Iliou, the Amended Complaint is entirely nonspecific as to which defendant was responsible for what alleged violation.  *See generally id.*

On January 30, 2024, the Court directed that Plaintiff to show cause why his lawsuit should not be dismissed given that his challenges to matrimonial and custody proceedings are precluded by the domestic-relations abstention doctrine, Judge Iliou is entitled to judicial immunity, and his claims against the remaining defendants failed to conform to Rule 8 of the Federal Rules of Civil Procedure ("Rule 8") because the Amended Complaint did not name an official acting under the color of state law or otherwise allege any factual matter claiming an injury individually traceable to the actions of any of the remaining state actor defendants.  *See* Order To Show Cause dated January 30, 2024, ECF 11 ("OTSC") at 7-8.   Plaintiff filed his response to the OTSC on March 1, 2024.  *See* Plaintiff's Response to Order to Show Cause, ECF No.18 ("Plaintiff's Response").[1]

## DISCUSSION

### A. Claims Against Judicial Defendants

Plaintiff's Response does not attempt to address or counter relevant case law cited by the

---

[1] In the interim, several defendants have moved to initiate proceedings to dismiss the matter.  *See* ECF 10 (Blair); ECF 14 (Curti, Orsetti); ECF 28 (Golightly).  Plaintiff has also attempted to start default proceedings against some defendants.  *See* ECF 20-26.

Court on the domestic-relations abstention doctrine, as described in *American Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990) and *Deem v. DiMella-Deem*, 941 F.3d 618, 623 (2d Cir. 2019), which requires federal courts to abstain from interfering in state cases raising family law or domestic relations issues. *See* OTSC at 5-6. Instead, Plaintiff responds by withdrawing his requests for injunctive and declaratory relief and limiting his demand for damages to $50 million. Plaintiff's Response at 20. However, "a plaintiff cannot obtain federal jurisdiction merely by rewriting a domestic dispute as a tort claim for monetary damages." *Schottel v. Kutyba*, No. 06-1577-CV, 2009 WL 230106, at *1 (2d Cir. Feb. 2, 2009) (holding in a diversity case, that where "tort claims begin and end in a domestic dispute, as evidenced by the request in [plaintiff's] original complaint to have the divorce judgment declared void *ab initio*[,] [s]tates are better suited to that adjudication"); *see also McKnight v. Middleton*, 699 F. Supp. 2d 507, 517 n.2 (E.D.N.Y. 2010), *aff'd,* 434 F. App'x 32 (2d Cir. 2011) (extending this rationale to federal question cases). Thus, to the extent that Plaintiff's alleged injury is the loss of custody of his children, this event begins and ends in a domestic dispute, and the Court must abstain from adjudicating this claim.

Moreover, the claims related to Plaintiff's domestic dispute court proceedings must also be dismissed because the judicial defendants are immune from suit. *See* OTSC at 6-7. Plaintiff argues that Judge Iliou is not entitled to immunity because he "knowingly violate[d] state and/or federal laws to deprive a citizen of civil rights." *See* Plaintiff's Response at 2. He also asserts that Judge Illiou demonstrated "bias and prejudice" against Plaintiff by ruling against him, incarcerating him instead of placing liens on his property when Plaintiff could not pay opposing counsel's attorney fees, and not allowing Plaintiff to "tell his side of the story." *Id.* a 4, 8, 10.

Additionally in his response papers, for the first time, Plaintiff presents his allegations

3

another judicial defendant, Honorable Cheryl M. Helfer of the Suffolk County District Court.[2]   *Id.* at 14.   Plaintiff asserts that Judge Helfer did not allow him to speak at hearings, permitted "non-admissible evidence," and "postponed certain hearings in an attempt to benefit and give 'special privileges' to the other oppositional 'bad' court actors."   *Id.*

These claims do not challenge the general principles of judicial immunity, which "is not overcome by allegations of bad faith or malice," or "because the action . . . was in error."   *Mireles v. Waco*, 502 U.S. 9, 11, 13 (1991).   Plaintiff's allegation of bias, based solely on the unfavorable judicial rulings, does not defeat judicial immunity.   *See Buhannic v. Friedman*, No. 18-CV-5729 (RA), 2019 WL 481732, at *5 (S.D.N.Y. Feb. 7, 2019) ("Plaintiff's allegations concerning [the judge's] purported bias against Plaintiff and her alleged collusion with defense counsel, is conduct which courts routinely hold cannot defeat judicial immunity.").   Although Plaintiff asserts that he is suing the judges "in their *personal*, not their official capacity," *see* Plaintiff's Response at 18, he does not allege that any of the judges took any actions against him outside of their judicial role. Accordingly, the claims against the Judge John Iliou and Judge Cheryl M. Helfer are dismissed pursuant to judicial immunity.

## B. Claims Against Attorney Defendants

In his response to the OTSC, Plaintiff provides a brief explanation of the roles that the other Defendants played in his state court proceeding.   Plaintiff alleges that Stephen B. Orsetti, Chad Powers, Donna England, Laura Golightly, Debra Welsh, Del Atwell, Arthur Burdette, Anthony Parish, III, Cliff Petroske, Michael Pernesiglio, and Shana Curti ("Attorney Defendants") are attorneys who each "entered into an attorney/client relationship" with Plaintiff and subsequently

---

2 The Court takes judicial notice of Judge Helfer's title from New York's official judiciary webpage. New York Courts, 10th Judicial District - Suffolk County District Court, https://perma.cc/8LKQ-RPHV (last visited 3/25/2024).

"breached this fiduciary duty and obligation(s)" during their representation of him.[3]   Plaintiff's

Response at 11-13, 15-16.   Claims for breach of contract and legal malpractice may be actionable

in state court, but do not allege a federal cause of action.   *Ruotolo v. Figueroa*, No. 1:22-CV-

169(LEK)(DJS), 2024 WL 688798, at *5 (N.D.N.Y. Feb. 20, 2024) ("There is no federal cause of

action for legal malpractice.").   Nor do any of the Plaintiff's papers put forth any factual matter

to invoke diversity jurisdiction.   *See* 28 U.S.C. § 1332(a).   Accordingly, Plaintiff's claims against

the Attorney Defendants are dismissed without prejudice for lack of subject matter jurisdiction.

*See* Fed. R. Civ. P. (h)(3).

### C.  Claims Against Remaining Defendants

#### 1.  Defendants Glenn E. Gucciardo, Kevin Valeiko, and Bellea Blair Parton

Plaintiff alleges that Defendants Glenn E. Gucciardo, Kevin Valeiko, and Bellea Blair

Parton made false accusations or statements and threatened third parties.   Plaintiff's Response at

5-6, 14-15.   Plaintiff alleges, *inter alia*, that Gucciardo "made false and deceptive statements to

the [state] court pertaining to the plaintiff"; that Valeiko is the "paramour of Bellea" and

"committed fraud by communicating with realtors in regard to selling" his marital home; and that

Bellea Blair Parton "fabricated false accusations against" Blair to "alienate[]" him from his minor

children and "has a nasty demeanor and often resorts to violence to vent her anger and subsequent

issues."   *Id*. at 14-15.   These allegations, even liberally construed, do not suggest a violation of

any federal law or constitutional provision that could serve as the basis for federal-question

jurisdiction.   Plaintiff's claims against these Defendants are dismissed without prejudice for lack

---

3 He also claims that Defendants Welsh and Petroske were "illegally 'black-mailing' the Plaintiff while incarcerated," but he does not describe the nature of this alleged crime or suggest any basis for the Court's jurisdiction over such a claim.   *Id*. at 12, 16.

of subject matter jurisdiction.[4]

## 2.  Defendant Jerica Gonzalez

Plaintiff claims that a "Child Protective Services" ("CPS") worker, defendant Jerica Gonzalez, "failed to conduct an adequate investigation of the related matter" and was "negligent in her duty of care to the Plaintiff."  *See* Plaintiff's Response at 16.  Merely negligent conduct causing unintended loss or injury to life, liberty or property is not sufficient to state a claim under the Due Process Clause or any other provision of federal law.  *See Daniels v. Williams*, 474 U.S. 327, 332-33 (1986) (due process protections are not triggered by lack of due care by state officials).  In addition, Plaintiff's claims against Gonzalez are conclusory.  Plaintiff has not explained how Gonzalez violated the Constitution or any other provision of federal law.  New York's Child Protective Services Act holds child protective agencies responsible for investigating complaints of suspected child abuse, neglect, and maltreatment and provides specific procedures for investigating complaints.  N.Y. Comp. Codes, R. and Regs. tit. 18, § 432.2(b)(1).  "Although parents enjoy a constitutionally protected interest in their family integrity, this interest is counterbalanced by the compelling governmental interest in the protection of minor children, particularly in circumstances where the protection is considered necessary as against the parents themselves."  *Wilkinson v. Russell,* 182 F.3d 89, 104 (2d Cir.1999) (internal quotation marks and citations omitted).  The Court of Appeals for the Second Circuit "has adopted a standard governing case workers which reflects the recognized need for unusual deference in the abuse investigation context. An investigation passes constitutional muster provided simply that case

---

[4] Moreover, witnesses who testify in judicial proceedings are protected by absolute immunity for their testimony, regardless of whether that testimony was truthful.  *Briscoe v. LaHue*, 460 U.S. 325 (1983).  "This immunity extends to all persons, whether governmental, expert, or lay witnesses, integral to the trial process."  *Storck v. Suffolk Cty. Dep't of Soc. Servs.*, 62 F. Supp. 2d 927, 945 (E.D.N.Y. 1999) (dismissing claims against doctors who testified about suspected child abuse in Family Court proceedings).

workers have a 'reasonable basis' for their findings of abuse." *Id*. (citation omitted).   Here, Plaintiff has not suggested that the CPS caseworker did not follow the proper procedures for investigating complaints or even explain how the investigation was inadequate.   Nonetheless, the Court grants leave to amend this claim to conform with Rule 8.

### 3. Defendants Michel J. Franci, Errol D. Toulon, Jr., and Suffolk County Sheriff's Department

Plaintiff claims that the Suffolk County Sheriff Defendants: Sheriff Michael J. Franchi "acted with prejudice, bias and malice" (Plaintiff's Response, ¶ 90) and "although aware of Plaintiff's sever[e] medical conditions, failed to mitigate, properly treat and/or care for the Plaintiff" (Plaintiff's Response, ¶91); Errol D. Toulon "as jail warden negligently failed to properly supervisor [sic] the inmates" ( Plaintiff's Response, ¶ 103) and "failed to properly treat and handle the Plaintiff's sever[e] medical conditions during incarceration " (Plaintiff's Response, ¶ 104); and "Defendant Suffolk County Sheriff's Department acted negligently by failing to properly and medically, among other things, take care of Plaintiff's medical needs (Plaintiff's Response, ¶ 111). Plaintiff has not provided enough information about these claims to determine if he is asserting a claim for deliberate indifference to serious medical needs.  *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (Inadequate medical treatment may give rise to a constitutional deprivation under the Eighth Amendment where a prisoner alleges "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."); *Weyant v. Okst*, 101 F.3d 845, 856 (2d Cir. 1996) (applying the same standard to pretrial detainees under the Fourteenth Amendment); *Salahuddin v. Goord*, 467 F.3d 263, 279-80 (2d Cir. 2006) (To establish a claim for constitutionally inadequate medical treatment, a plaintiff must show that he was "actually deprived of adequate medical care," and that "the inadequacy in medical care is sufficiently serious.").

In order to bring a constitutional claim pursuant to § 1983, a plaintiff must show that each

of the named defendants was personally involved in the wrongdoing or misconduct complained

of. *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006). "Because vicarious liability is

inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant,

through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at

676. A municipality, such as Suffolk County, can be liable under § 1983 only if the plaintiff can

show that a municipal policy or custom caused the deprivation of his or her constitutional rights.

*See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). Proof of a single incident of

unconstitutional activity is not sufficient to impose liability on a municipality unless proof of the

incident includes proof that it was caused by an existing, unconstitutional municipal policy that

can be attributed to a municipal policymaker. *City of Oklahoma City v. Tuttl*e, 471 U.S. 808, 823

(1985). In this case, Plaintiff has not alleged facts that would support a claim against the Sheriff's

Department or that Franchi or Toulon are personally responsible for any deprivation of his civil

rights.

## CONCLUSION

For the reasons set forth above, the Amended Complaint is dismissed with prejudice as to

the claims against defendants John Iliou and Cheryl M. Helfer and dismissed without prejudice as

to the claims against defendants Stephen B. Orsetti, Chad Powers, Donna England, Laura

Golightly, Debra Welsh, Del Atwell, Arthur Burdette, Anthony Parish III, Cliff Petroske, Michael

Pernesiglio, Shana Curti, Glenn E. Gucciardo, Kevin Valeiko, Bellea Blair Parton, Michael J.

Franci, Errol D. Toulon, Jr., Suffolk County Sheriff's Department, and Jerica Gonzalez.

Further, liberally construing Plaintiff's Response, the Court finds that Plaintiff raises an

inference that there may be other viable claims separate from the matrimonial and custody

proceedings. As of now, though, any such inference fails to clear the pleading bar and thus these

claims are dismissed.   *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Nonetheless, in light of Plaintiff's *pro se* status, the Court grants him an opportunity to replead the claims related to the CPS investigation and his medical care while he was in custody with the Suffolk County Sheriff's Department within 30 days.   *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted) (explaining that if the Court finds any possibility that "a valid claim might be stated," the Court must give the plaintiff an opportunity to amend the complaint).

If Plaintiff chooses to replead these claims, his amended pleading must be captioned "Second Amended Complaint," and bear the same docket number as this order.   An amended complaint completed replaces the prior pleadings.   Further, the amended pleading must clearly assert a basis for the Court's subject matter jurisdiction and state the grounds for relief, including naming the individual defendants who may be personally liable for the harms and specific factual details about how each of the named defendants personally caused him harm. All further proceedings shall be stayed for 30 days.   If Plaintiff fails to file a second amended complaint within the time allotted, final judgment will enter dismissing this action without further notice to Plaintiff.

Although Plaintiff paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.   *Coppedge v. United States,* 269 U.S. 438, 444-45 (1962).

The Clerk of Court is requested to send a copy of this Memorandum and Order to Plaintiff

at the address provided, and to note the mailing on the docket.

**SO ORDERED**.

/s/    Orelia E. Merchant
ORELIA E. MERCHANT
United States District Judge

Dated:  Brooklyn, New York
        April 8, 2024